UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MELISSA BRESNAHAN,                          Case No. 20-cv-1142

         Plaintiff,

    vs.

SOUTHWEST CREDIT SYSTEMS
LIMITED PARTNERSHIP,

         Defendant.

## COMPLAINT

NOW COMES the Plaintiff Melissa Bresnahan, by and through her attorneys, DeLadurantey Law Office, LLC, and complains of Defendant Southwest Credit Systems Limited Partnership, and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1. This lawsuit arises from unlawful collection attempts of the Defendants.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 *et seq.*

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection

practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA focuses on the conduct of the debt collector and not on the merits of the alleged debt. Whether a debt is actually owed has no relevance to whether the debt collector complied with the FDCPA. Consequently, the individuals from who debt collectors seek payment are defined as "consumers." 15 U.S.C. § 1692a.

5. The FDCPA, at 15 U.S.C. § 1692c, limits when and with whom a debt collector may communicate when attempting to collect a debt and, unless expressly permitted under § 1692c, 15 U.S.C. § 1692b restricts a debt collector's communications with third parties to obtaining "location information" about the consumer.

6. When collecting or attempting to collect a debt, the FDCPA demands the debt collector treat people respectfully, honestly, and fairly by proscribing its use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

7. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g(a).
2

Case 2:20-cv-01142-JPS   Filed 07/27/20   Page 2 of 9   Document 1

8. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

9. The FDCPA is a strict-liability statute, which provides for actual or statutory damages upon the showing of one violation, regardless of any actual damages. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015).

10. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

11. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less. *Id.*

## Jurisdiction and Venue

12. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

13. This Court also has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation

occurred, and under the FDCA and WCA within one year from the date on which the violation occurred.

14. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

15. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendants are subject to personal jurisdiction in Wisconsin, since they do business in Wisconsin.

## Parties

16. Plaintiff Melissa Bresnahan (hereinafter "Plaintiff") is a natural person who resides in the City of Elm Grove, County of Waukesha, State of Wisconsin.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. §1962a(3), is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) of the Act, and is a "customer" as that term is defined in Wis. Stat. 421, *et seq*.

18. Defendant Southwest Credit Systems Limited Partnership ("Defendant Southwest") is a foreign corporation with a principal office located at 4120 International Parkway, Suite 1100, Carrollton, TX 75007. Defendant Southwest's registered agent is C T Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.

19. Defendant Southwest is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

20. Defendant Southwest is a "debt collector" pursuant to Wis. Stat. §427.103(3).

## BACKGROUND

21. On April 24, 2020, Plaintiff sued Defendant Southwest in a case, as it had been engaging in collection attempts on an account related to identity theft. See Bresnahan v. Southwest Credit Systems Limited Partnership, et al, Case No. 20-CV697.

22. Defendant Southwest is well aware that Plaintiff has been the victim of identity theft, and the collection accounts and credit reporting associated with them.

23. On or about July 14, 2020, Defendant Southwest sent Plaintiff a collection letter.

24. Defendant was aware that Plaintiff was represented by counsel at the time it sent the collection letter directly to Plaintiff.

25. The collection letter relates to an account stemming from identity theft.

26. Defendant has been aware of Plaintiff's identity theft issues since at least April, 2020.

27. Defendant failed to make a reasonable investigation into the debt before sending the Jul, 2020 letter directly to Plaintiff.

28. Defendant has either no procedures for investigating and protecting the victims of identity theft, or it knowingly collected on a debt stemming from identity theft.

29. Plaintiff's prior concern about endless harassment from collection agencies has come to fruition, as Defendant continues to disregard and violate her rights.

30. At this point in time, Plaintiff has ever growing worries that collection agencies will continue to hound her endlessly. She is further concerned the collection agency would show up on her credit, causing her further damage.

31. Plaintiff suffered emotional distress over a concern and fear that Defendant Southwest would continue to violate her rights.

32. This fear of continued harassment and a potential lawsuit was particularly troublesome to the Plaintiff, as she spends large amounts of time out of the country providing relief work as a non-profit servant. Her life work is serving others, yet she was distracted and concerned about the collection activities in violation of her rights.

33. Plaintiff also grew concerned and feared that nothing would deter Defendant from damaging her credit and reputation, along with continued violations of her rights.

34. Defendant Southwest's collection letter caused Plaintiff marked concern, worry, and aggravation. Specifically, she is concerned that Defendant Southwest would trash her credit rating and reputation by reporting the account, and that Defendant Southwest would sue her for the balance owed. She is concerned that all of this would occur while she is abroad.

35. At all relevant times, Defendant Southwest is attempting to collect on an account stemming from identity theft.

36. Plaintiff has suffered actual damages, including emotional distress listed above, as a result of the collection attempts of Defendant Southwest. While serving overseas, Plaintiff has limited access to the internet (to be used for calling) and on-again-off-again access to electricity – making it difficult to investigate and address her ongoing identity theft, credit reporting, and debt collection concerns. Further, these issues are taking valuable time away from her service duties and time at home while on leave. The issues also filled her with fear and concern that her valid accounts might be impacted by these issues, and she would be stranded overseas without any access to funds.

**Count 1 – Violations of the Fair Debt Collection Practices Act, (15 U.S.C. §1692)**

37. Plaintiff incorporates by reference all of the above-paragraphs of this Complaint as though fully stated herein.

38. Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

39. The foregoing acts of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1) with respect to Plaintiff.

40. Specifically, under 15 U.S.C. § 1692c(a)(2) a debt collector cannot communicate directly with a consumer when they know the consumer is represented by a lawyer, which Defendant did.

41. Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which they did when they directly contacted Plaintiff about the debt.

42. Specifically, under 15 U.S.C. § 1692e(5), a debt collector cannot threaten to take any action they legally cannot take, which they did when they directly contacted Plaintiff about the debt.

43. Under 15 U.S.C. § 1692e(10), a debt collector cannot use false representation or deceptive means to collect, which they did when they directly contacted Plaintiff about the debt.

44. Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount which it is not authorized to collect, which they did when they directly contacted Plaintiff about the debt.

45. Plaintiff has suffered actual damages as a result of these illegal collection communications, as stated above.

46. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**Count 2 – Violations of the Wisconsin Consumer Act (Wis. Stat. 427.104)**

47. Plaintiff incorporates by reference all the foregoing paragraphs.

48. Wis. Stat. 427.104(1)(h) provides, in pertinent part: "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt

collector may not: (h) Engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

49. Defendant violated Wis. Stat. 427.104(1)(h) when Defendant engaged in the above referenced collection attempts.

50. Wis. Stat. 427.104(1)(i) provides, in pertinent part: "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not: (i) Use obscene or threatening language in communicating with the customer…"

51. Defendant violated Wis. Stat. 427.104(1)(i) when Defendant used harassing and threatening language with Plaintiff, when they engaged in the above referenced collection attempts.

52. Plaintiff suffered actual damages as result of Defendant's violations of Wis. Stat. 427.104(1)(h) and Wis. Stat. 427.104(1)(j).

53. Plaintiff is entitled to all of the remedies identified in Wis. Stat. 427.105 and Wis. Stat. 425.304.

## **Trial by Jury**

Plaintiff is entitled to, and hereby respectfully demand a trial by jury on all issues so triable.

WHEREFORE, the Plaintiff prays that this Court will enter judgment against the Defendant as follows:

- A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);
- B. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);
- D. For an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. 427.105 and 425.304; and
- E. For such other and further relief as may be just and proper.

Dated this 27th day of July, 2020.

                                        s/ Nathan E. DeLadurantey
                                        Nathan E. DeLadurantey, 1063937
                                        DELADURANTEY LAW OFFICE, LLC
                                        330 S. Executive Drive, Suite 109
                                        Brookfield, WI 53005
                                        (414) 377-0515
                                        E: nathan@dela-law.com

                                        *Attorney for the Plaintiff*